LANDRY *vs.* MARTIN ET AL.

ON A REHEARING.

On a re-examination of this case, the former opinion is maintained and affirmed; that under the Spanish laws, a title to immoveable property may be shown by parole evidence.

*Winchester*, for the plaintiff, and appellant obtained a rehearing in this case, and urged the following points, in support thereof :

1st. That the court appears to have assumed, erroneously, that the plaintiff and appellant had not shown title in himself to all the land embraced by the patent, for the double concession.

2nd. That the court has taken for granted what is not proved, to wit : that the persons under whom the defendants claim had an anomalous grant from the Spanish government by the operations of the surveyor general laying off to them, as colonists, a specific portion of land by metes and bounds, which interfered with the title in form, afterwards granted by the same government.

3rd. That the court overlooked certain bills of exception, touching the kind of evidence, admissible to prove such irregular grant of land, by the sovereign.

Upon each of these points, the undersigned counsel begs leave to add a few remarks :

1. The patent, itself, certainly gave the original patentee a complete title to all the land ; in the double concession, which had not been previously granted to others it contains no specific reservations. It does not differ, in point of form, from all other patents : and, therefore, if the question were between the original patentee, and the colonists of Valenzuela, it is clear, the latter would be obliged to show an earlier investment of title by the sovereign, to a specific portion of land embraced by the patent. But the court appears to have supposed, that at the sale of the estate of the patentee, all the land was not sold ; that, in the sale to Comes, there was

a reservation different from that contained in the patent itself, amounting to a recognition of the title of the colonists. The expressions in that sale, are : " *La cual habitacion se compone de cinco arpanes de frente, &c., con la profundedad de ochente arpanes, sin que en ellos perjudique á los establecimientos de Valenzuela, o dentro de Lafourche.*"

The whole act must be taken together, in order to ascertain the intention of the parties. The court seems to have supposed that something was reserved, that some part of the land was not conveyed, and yet in the same act Peychaux desists from all ownership to any part of the patent. Again, when the land was sold by Peychaux, it was sold by the Probate Court, as forming part of the estate of Marie Magdelaine Landry, deceased, wife of Peychaux. She left only one child, a son, called Joseph Comes, the fruit of a previous marriage, and this same Comes is the purchaser at the sale. If the contested clause contains a reservation of any part of the patented land, it was reserved to this same Comes, whose entire rights the plaintiff holds by a succession of sales, thus uniting through Comes, not only what was sold by the Probate Court, but what was reserved, if any thing was reserved.

2 If my first proposition be true, that the court erred in supposing that all the pretensions of the grantee of the double concession did not pass by the subsequent sales, the second follows as a necessary consequence, to wit : that the court ought to have required proof of the title of the defendant, such as is set forth in the answers. History, or tradition, may suffice to show that a certain colony was established on Lafourche, but history does not descend to such minute details as are required in courts of justice, as to the extent and nature of certain concessions. History does not inform us that, each colonist had an allodial grant of a certain front on the bayou, with a depth of forty arpents ; much less does it show, whether such permission to settle, conveyed an inchoate, or a perfect title, or what conditions were attached to those concessions, and when such questions arise between

the patentee and the descendants of the colonists, they cannot be safely solved by reference to tradition.

3 It is preposterous to presume upon the mere parole evidence of three or four now antiquated witnesses, all of whom, from a strict examination of their testimony, will be found to be indirectly interested, and they only from nine to fifteen or sixteen years old, when the facts about which they testify, are said to have transpired; and only one of whom could read or write, and all pauper children from the Canaries, that a grant of forty arpents, in depth, was made at a particular spot, on the bayou, to André Debega, and that surveyed and possession given him by L. Trudeau, the king's surveyor general, but no *proces verbal* of this survey is offered, nor evidence of its destruction by fire. The plaintiff excepted to the reception of any parole evidence to prove the orders or ordinances of the Spanish government, or of surveys made by L. Trudeau, as surveyor general, and insisted that the *proces verbal* of survey, or a copy duly certified, should be produced, or its loss accounted for.

*Simon, J.*, delivered the opinion of the court.

This case is now before us on a rehearing, granted at the request of the plaintiff. We have listened attentively to the arguments of the counsel, and after a careful re-examination of the evidence found in the record, and a mature reconsideration of the opinion heretofore pronounced by this court, we have not been able to find any reason to be dissatisfied with it.

It is, therefore, ordered, adjudged and decreed, that the former judgment of this court be maintained, as if no rehearing had been granted.